IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAIT PARTNERSHIP, L.P.           :        CIVIL ACTION
                                 :
         v.                      :
                                 :
RICHARD J. NATHAN                :        NO. 10-CV-7146

MEMORANDUM AND ORDER

Ditter, J.                                              February 14, 2012

On September 29, 2011, I denied defendant Richard J. Nathan's motion to strike or open a confessed judgment. Before me is his motion for relief pursuant to F.R.C.P. 59(e), 60(b)(4) and 60(b)(6) and for remand (Doc.# 25). For the reasons that follow, I shall deny his motion.

1. Factual and procedural history

On November 5, 2010, Rait Partnership, L.P. filed a complaint in confession of judgment for money in the Court of Common Pleas of Philadelphia. The complaint alleged that following the sale of a Georgia property there was a deficiency in the amount of $4,221,764.30, and that although Nathan guaranteed all of the borrower's obligations under the loan, the guaranty limits his obligations to the sum of $1,000,000 plus interest at the statutory rate. Judgment by confession was entered that same day against Nathan.

Under Pennsylvania law, a judgment of confession can only be challenged by the filing of a petition to open or strike the judgment. Pa. R. Civ. P. 2959(a)(1). The defendant has 30 days from the date he is served notice of the judgment to file his petition. Pa. R. Civ. P. 2959(a)(3). On December 8, 2010, Nathan filed a timely notice of removal in this court pursuant to 28 U.S.C. §§ 1332 and 1441 (Doc. # 1), and a motion to strike/open the confessed judgment. (Doc. # 2). A

copy of the notice of removal was also filed with the Prothonotary of the Court of Common Pleas of Philadelphia County. This matter was fully briefed and I denied Nathan's motion.

On October 25, 2011, Nathan filed the present motion. He now claims that this court did not have subject-matter jurisdiction under the *Rooker-Feldman* doctrine because the state court had already entered a final judgment. Nathan also contends this court does not have subject matter jurisdiction to consider a motion to open or strike a confessed judgment because nothing was pending in the state court to be removed. I do not find either of Nathan's arguments persuasive.

    2. Discussion

        a. The *Rooker-Feldman* doctrine

The *Rooker-Feldman* doctrine bars a federal court's consideration of a claim if: (1) the federal claim was actually litigated in the state court prior to the filing of the federal action, or (2) the federal claim is inextricably intertwined with the state adjudication. *See In re: Knapper,* 407 F.3d 573, 580 (3d Cir. 2005). Thus, I cannot act as an appellate court and review state court judgments, nor can I decide an issue that would effectively vacate a state court judgment.

First, the *Rooker-Feldman* doctrine is not applicable in this case because there is no state court adjudication when a confessed judgment is entered based solely on the filing of the complaint. The entry of judgment by confession is a ministerial act - not an adjudication. Moreover, the judgment is not final until the time to challenge it has passed - in this case by the filing of a motion to strike or open within 30 days.

Only when such a motion has been filed, is the court called on to adjudicate the merits of the complaint in confession of judgment. Otherwise, the issue is conceded when the time to

object has passed and the plaintiff can then execute the final judgment.  Here, Nathan opted to challenge the complaint and to do so in federal court.

    b. <u>Was the action "pending"?</u>

Nathan argues that a Pennsylvania confessed judgment is entered immediately upon docketing of the complaint, and therefore, "the case begins and ends at the same time." Def.'s Mot. at 5.  Of course, this assertion contradicts Nathan's argument that there was a state court adjudication that would bar federal review.  Could an adjudication occur in the nanosecond it took the clerk of the court to enter the judgment?

A similar claim was rejected in *Diehl, Inc. v. Morrison*, 590 F. Supp. 1190 (M.D. Pa. 1984).  In *Diehl*, the plaintiff asserted that where a default judgment was entered prior to the filing of the removal petition, there could be no removal because no action was pending.  In that case, the state court had entered a default judgment when the defendant failed to file a timely response and there was an issue as to the date of service.  The federal court found that the defendant had not been properly served when the complaint was returned by the postal service as "unclaimed."  The court retained jurisdiction in the case because the removal "petition ha[d] been timely filed and the defendant ha[d] not unequivocally subjected himself to the state court.." *Id.* at 1192.

As discussed above, Pennsylvania provides for the opportunity to contest the entry of judgment by filing a motion to strike or open within 30 days.  Until that 30 days has expired, the case is pending and if the case otherwise satisfies the jurisdictional requirements for removal, it may be properly brought to federal court.  Just as in *Diehl*, Nathan's situation is in contrast to cases where "parties seeking removal have appeared in the state court action, defended on the

merits, and sought removal only after an adverse determination in the state court." *Id.*

    3. Conclusion

Nathan's motion to strike or open was properly before me because it was not barred by the *Rooker-Feldman* doctrine and was a pending case otherwise subject to removal to federal court. I can think of no reason why the law would permit the plaintiff the option of proceeding in state or federal court, but the defendant would not be permitted the same opportunity.[1]

An appropriate order follows.

---

[1] I have considered the opinion of my learned colleague in the Western District of Pennsylvania as set forth in *S & T Bank v. Zokaites*, 2011 U.S. Dist. LEXIS 34575 (W.D. Pa. March 31, 2011), but I respectfully disagree with his conclusions for the reasons stated herein. This case is also distinguishable on the facts because Zokaites failed to file a timely responsive pleading causing the entry of a default judgment.